UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-0406-CVE |
| | ) | |
| ROBERT BURNETTE DIXON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Sever Counts (Dkt. # 47). On November 3, 2021, a grand jury returned a four-count superseding indictment charging defendant with assault with a dangerous weapon with intent to do bodily harm in Indian country (count one); assault of an intimate partner and dating partner by strangling and attempting to strangle in Indian country (count two); and witness tampering (counts three and four). Dkt. # 41. Defendant asks this Court, pursuant to Federal Rules of Criminal Procedure 8 and 14, to dismiss or sever count one from counts two, three, and four, or, in the alternative, to try count one separately from the other counts. Dkt. # 47, at 2. Specifically, defendant argues that the incidents on May 19, 2019 (count one) and on August 22, 2021 (count two) "are not of sufficient similar character, are not based on the same act or transaction, and do not otherwise constitute parts of a common scheme or plan." Id. Additionally, defendant argues that "if the Court finds that joinder is proper, then count one should be separately tried from counts two, three, and four, pursuant to [Fed. R. Crim. P. 14] because joinder at trial prejudices Mr. Dixon." Id.

Rule 8(a) of the Federal Rules of Criminal Procedure broadly allows joinder of offenses in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 is construed "broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir. 1997). Here, factors one and two are most relevant. The May 19, 2019 count alleges that defendant assaulted M.M. with a dangerous weapon by striking her repeatedly with a long metal tool. Dkt. # 41, at 1. The August 22, 2021 count alleges that defendant strangled and attempted to strangle M.M., his intimate partner and dating partner. Id. at 2. And, counts three and four charge defendant with corruptly influencing M.M. to make materially false statements at a grand jury proceeding and in a sworn affidavit in relation to defendant's alleged assault of M.M.. Dkt. # 41, at 3-4. The offenses in counts one and two are similar in character as they both relate to the defendant's alleged assaults of M.M. And, counts three and four are based on the same act as count two, that is, the defendant allegedly corruptly influenced M.M. to make materially false statements about the August 22, 2021 assault charged in count two. The Court finds that these sets of counts are properly joined because the offenses, if proved, are of the same or similar nature (as to counts one and two), or based on the same act or transaction (as to counts one, three, and four).

Defendant also argues that the joinder of count one with counts two, three, and four is prejudicial. Specifically, defendant argues that the May 19, 2019 and August 22, 2021 assaults are separate incidents that are in effect "propensity evidence designed to cause undue inferences by the jury about Mr. Dixon's and M.M.'s relationship[.]" Dkt. # 47, at 6. Even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts "[i]f the joinder of

offenses . . . appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14. "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." United States v. Hollis, 971 F.2d 1441, 1456. "The decision whether to grant or deny severance is within the sound discretion of the trial court . . . ." United States v. Cardall, 885 F.2d 656, 667 (10th Cir. 1989). Further, even if defendant could show some degree of prejudice, that alone would not require severance under Rule 14. United States v. Hill, 786 F.3d 1254, 1273 (10th Cir. 2015). "Rather, in that case, Rule 14 would leave the tailoring of any relief to the trial court's discretion. One such method of relief would be to [give] a limiting instruction to the jury that it should individually consider the charges against [the] defendant." Id. Thus, the Court finds that whatever prejudice to defendant resulting from the joinder of all counts may be cured by properly instructing the jury to consider the charges, and any evidence supporting each charge, separately. Therefore, the Court finds that the relief provided by a limiting jury instruction is adequate, and separate trials are not required in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Sever Counts (Dkt. # 47) is **denied**.

**DATED** this 24th day of November, 2021.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE